# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-0277 FMO (MRWx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | Alfreda Joanne Lewis v. Sterling Jewelers Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s): Attorney Present for Defendant(s):

None Present   None Present

**Proceedings:** (In Chambers) Order Re: Motion to Remand

Having reviewed pro se plaintiff Alfred Joanne Lewis's ("plaintiff") Motion to Remand (Dkt. 11, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Although defendant Sterling Jewelers Inc.[1] ("defendant") is correct that plaintiff "makes no argument in support of her motion" relating to jurisdiction, (see Dkt. 17, Opposition at 1; see, generally, Dkt. 11, Motion & Dkt. 12, Plaintiff's Memorandum of Points and Authorities), "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569-70 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those

---

[1] Erroneously sued as Jared-Galleria of Jewelry.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-0277 FMO (MRWx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | Alfreda Joanne Lewis v. Sterling Jewelers Inc. | | |

doubts in favor of remanding the action to state court.[2] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

The court's review of the NOR and the attached Complaint shows that removal was proper. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties and the amount in controversy must exceed the jurisdictional threshold of $75,000. See 28 U.S.C. § 1332(a) (providing that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States"). Here, the parties are diverse as plaintiff is a citizen of California, and defendant established that it is a citizen of Ohio and Delaware. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 6-11). Moreover, the amount in controversy exceeds $75,000 since the Complaint seeks "one million dollars," (see Dkt. 1, Exhibit A, Complaint at 2), and it does not appear to a legal certainty that plaintiff's claim is for a lesser amount. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (9th Cir. 1996); Hill v. Hill-Love, 509 F.Appx. 605 (9th Cir. 2013) ("There was no error in denying Hill's motion to remand to state court. The district court properly ignored Hill's belated attempt to avoid federal jurisdiction and adhered to this circuit's longstanding rule that the 'propriety of removal is determined solely on the basis of the pleadings filed in state court,' Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir.2006), as Hill explicitly sought damages in excess of $75,000 in his state court complaint."); see also Wilder v. Bank of America, N.A., 2014 WL 6896116, *4 (C.D. Cal. 2014) ("Where, as here, plaintiff's state court complaint alleges an amount in controversy in excess of the jurisdictional amount, courts repeatedly and consistently find that the amount in controversy requirement is satisfied, absent proof to a legal certainty that plaintiff cannot recover the amount for which she prays.").

**This Order is not intended for publication. Nor is it intended to be included in or**

---

[2] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-0277 FMO (MRWx)** | Date | **February 15, 2018** |
|---|---|---|---|
| Title | **Alfreda Joanne Lewis v. Sterling Jewelers Inc.** | | |

**submitted to any online service such as Westlaw or Lexis.**

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT plaintiff's Motion to Remand **(Document No. 11)** is **denied**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |